IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FREDERICK LEE IRONS,

    Defendant.                                    Case No. 99-cr-30022-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

On November 5, 1999, the Court sentenced defendant Frederick Lee Irons to 240 months' imprisonment, a fine of $3,000, and five years' supervised release (Doc. 150). Defendant filed a timely notice of appeal on November 15, 1999 (Doc. 156), and the Seventh Circuit Court of Appeals affirmed his conviction on March 2, 2001. ***United States v. Irons*, 5 Fed. Appx. 516 (7th Cir. 2001)**.

On July 8, 2002, Defendant filed a petition under 28 U.S.C. § 2255 alleging that his sentence violated the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and also asserting a claim for ineffective assistance of counsel (*see* "Civ Doc. 1" filed in *Irons v. United States*, Case No. 02-cv-724-DRH (S.D. Ill. 2002)). Defendant filed a supplement on February 13, 2003, arguing that his Sixth Amendment right to confront witnesses was violated and further alleged prosecutorial misconduct (Civ. Doc. 5). A second supplement was filed on February 24, 2003 (Civ. Doc. 6). The Court thereafter denied Defendant's § 2255 petition on March 29, 2004 (Civ. Doc. 21). Defendant thereafter appealed the Court's decision on July 19, 2004 (Civ. Doc. 26), but Seventh Circuit Court of Appeals denied Defendant's request for a certificate of appealability (Civ. Doc. 33). Defendant subsequently filed a Rule 60(b) Motion to set aside the Court's denial of his § 2255 petition on January 3, 2004 (Civ. Doc. 34). His Motion was dismissed by the Court for lack of jurisdiction on January 4, 2006 (Civ. Doc. 35). Most recently, Defendant has filed a Petition for Writ of Audita Querla (hereinafter "petition") (Doc. 630) and supplement thereto (Doc. 634) in his criminal case, which is presently before the Court. The Government has filed its Response (Doc. 641). The issues are now ripe for determination.

In his petition, Defendant contends he is entitled to relief from the sentence imposed by the Court in **United States v. Booker, 543 U.S. 220 (2005)**. The writ of audita querela is an ancient common law writ that has been abolished in federal civil cases, *see* **FED. R. CIV. P. 60(e)**, and has no relevance in criminal

Page 2 of 4

proceedings. *Melton v. United States,* **359 F.3d 855, 856 (7th Cir. 2004)**. The writ of audita querela essentially is a remedy only for judgment debtors, not criminal defendants. *U.S. v. Kimberlin,* **675 F.2d 866, 869 (7th Cir. 1982)**. It appears that Defendant is really seeking to vacate, set aside or correct his sentence, an action properly filed under 28 U.S.C. § 2255. "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, *is* a § 2255 motion" regardless of what it is titled. *Melton,* **359 F.3d at 857 (emphasis in original)**. "Call it a motion for a new trial, arrest of judgment . . . audita querela . . . the name makes no difference. It is the substance that controls." *Id*. Therefore, regardless of what Defendant has titled his petition, it must be construed upon the merits of his claims, which convey a request for habeas relief under § 2255.

Under 28 U.S.C. § 2255, a second or successive motion must be certified by the appropriate court of appeals. **28 U.S.C. § 2255(h)**. "A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. U.S.,* **96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original)**. In order for the Court to consider a second or successive petition, the Seventh Circuit Court of Appeals must first certify the petition. *Id*.

As recounted in the procedural history previously set forth herein, Defendant has already filed a § 2255 petition. As Defendant failed to obtain prior permission from the Seventh Circuit Court of Appeals to file a second or successive petition, his Writ of Audita Querla must be denied for lack of subject matter

jurisdiction.

Accordingly, the Court **DISMISSES for lack of jurisdiction** Defendant's Petition for Writ of Audita Querela (Doc. 630).

**IT IS SO ORDERED.**

Signed this 29th day of October, 2010

David R. Herndon
2010.10.29 09:41:20
-05'00'

**Chief Judge**
**United States District Court**