IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.

**FREDERICK LEE IRONS,**

    **Defendant.**                                            **Case No. 99-cr-30022-5-DRH**

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

        Defendant Frederick Lee Irons has filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, pursuant to **18 U.S.C. § 3582** (Doc. 564). Administrative Order No. 102[1] was then issued in this case (Doc. 567) and the Office of the Federal Public Defender ("FPD") for the Southern District of Illinois was appointed to represent Defendant in this matter for the purposes of determining whether a reduction of sentence pursuant to **18 U.S.C. § 3582** was appropriate. Protocol implemented by the FPD requires a review of Defendant's case to determine eligibility for a sentence reduction and then to either file an amended petition requesting said reduction if Defendant is determined to be

---

[1] Administrative Order No. 102, dated December 19, 2007, instructs the Clerk of the Court to appoint the Federal Public Defenders Office to represent each defendant who files a motion for reduction of sentence based upon the amended advisory sentencing guidelines regarding the disparity between sentences for convictions of powder cocaine offenses versus crack cocaine offenses (*see* United States Sentencing Guidelines § 2D1.1).

Page 1 of 4

eligible or else a motion to withdraw from representation if Defendant is found ineligible.

Defendant pled guilty to Counts 1, 2 & 3 of the Superseding Indictment (Doc. 27). Count 1 was a drug-related offense which charged Defendant with conspiracy to distribute cocaine base. Counts 2 and 3 were also drug-related offenses, charging Defendant with possession with intent to distribute cocaine base. Defendant was sentenced in this matter on November 5, 1999, to a total term of 240 months' imprisonment (Doc. 150).

Also before the Court is the FPD's Motion to Withdraw (Doc. 644) on the basis that the FPD can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c). ***See Anders v. California*, 386 U.S. 738, 744 (1967)**. The Court allowed Defendant time to file a response, which he elected to do (Doc. 648). The FPD has determined, after review of Defendant's case, that he is ineligible for a **§ 3582** sentence reduction. **Section 3582(c)(2)** allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 994(o)**." In doing so, the Court must consider the factors set forth in **18 U.S.C. § 3553(a)** and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." **18 U.S.C. § 3582(c)(2)**. Thus, a defendant urging a sentence reduction under **§ 3582(c)(2)** must satisfy two criteria:

(1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. ***United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);** *see* ***United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009),** *cert. denied,* **129 S. Ct. 2817 (2009)**.

Defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 994(o)**." **18 U.S.C. § 3582(c)(2)**. Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. Amendment 715, effective May 1, 2008, further amended the commentary to U.S.S.G. § 2D1.1 by revising the manner in which offense levels are determined in cases involving crack cocaine in combination with other controlled substances. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose relevant conduct was 4.5 kilograms or more of crack cocaine. ***See Forman*, 553 F.3d at 590 (stating that the amendment "affects only defendants who are responsible for distributing fewer than 4.5**

kilograms of crack cocaine"**)**.

Despite Defendant's arguments otherwise (*see* Docs. 564 & 648), Defendant was sentenced based on relevant conduct that included more than 4.5 kilograms of crack cocaine – his relevant conduct was found to be 31 kilograms of crack cocaine. Thus, the amendment did not lower his guideline range, and he cannot satisfy the first criterion under **18 U.S.C. § 3582(c)(2)** for obtaining a sentence reduction. The Court lacks subject matter jurisdiction to consider his reduction request. *See Forman*, **553 F.3d at 588;** *Lawrence*, **535 F.3d at 637-38.** The Court therefore **GRANTS** counsel's Motion to Withdraw (Doc. 644) and **DISMISSES** for lack of jurisdiction Defendant's *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, pursuant to **18 U.S.C. § 3582** (Doc. 564). The Clerk is **DIRECTED** to mail a copy of this Order via U.S. mail to defendant Frederick Lee Irons, #04710-025, FCI Elkton, Federal Satellite Low, Inmate Mail/Parcels, P.O. Box 10, Lisbon, OH 44432.

**IT IS SO ORDERED.**

Signed this 29th day of October, 2010.

David R. Herndon
2010.10.29 09:53:14
-05'00'

**Chief Judge**
**United States District Court**