IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99-cr-30022-5-DRH |
| | ) | |
| FREDERICK LEE IRONS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**HERNDON, Chief Judge:**

Now before this Court is defendant's motion to correct errors of oversight and omission (Doc. 666). For the following reasons, defendant's motion is DENIED for lack of subject matter jurisdiction. Defendant is further PROHIBITED from filing any more motions attacking either his conviction or his sentence in this matter. Failure to comply with this order will result in sanctions.

Defendant pled guilty to Counts 1, 2 & 3 of the Superseding Indictment on June 22, 1999 (Doc. 70). Count 1 charged defendant with conspiracy to distribute cocaine base; counts 2 and 3 charged Defendant with possession with intent to distribute cocaine base (Doc. 27). On November 5, 1999, the Court sentenced defendant Frederick Lee Irons to 240 months imprisonment, a fine of $3,000, and five years supervised release (Doc. 150). Defendant filed a notice of

appeal on November 15, 1999 (Doc. 156), and the Seventh Circuit Court of Appeals affirmed his sentence on March 2, 2001. *United States v. Irons*, 5 Fed. App'x 516 (7th Cir. 2001).

On July 8, 2002, defendant filed a petition under 28 U.S.C. § 2255 alleging the following: (1) his plea was involuntary and unknowing; (2) trial counsel was ineffective for a variety of reasons; (3) his sentence violated the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (4) appellate counsel was ineffective in failing to argue *Apprendi* on direct appeal; (5) he was denied the right to confront the witnesses against him at sentencing; and (6) the government committed fraud when it used false statements in order to indict and then convict Petitioner (*see* "Civ Doc. 1" filed in *Irons v. United States*, Case No. 02-cv-724-DRH (S.D. Ill. 2002)). The Court thereafter denied defendant's § 2255 petition on March 29, 2004 (Civ. Doc. 21). Defendant appealed the decision on July 19, 2004 (Civ. Doc. 26), but the Seventh Circuit Court of Appeals denied defendant's request for a certificate of appealability (Civ. Doc. 33). Defendant subsequently filed a Rule 60(b) motion to set aside the Court's denial of his § 2255 petition on January 3, 2004 (Civ. Doc. 34). This motion was dismissed by the Court for lack of jurisdiction on January 4, 2006 (Civ. Doc. 35).

Then defendant filed a Petition for Writ of Audita Querela (Doc. 630) and supplement thereto (Doc. 634) in his criminal case. In that petition, defendant was really seeking to vacate, set aside, or correct his sentence, an action properly filed under 18 U.S.C. § 2255. As defendant had already filed a § 2255 motion and

did not receive certification from the court of appeals to file the second petition, his so-called Writ of Audita Querela was denied for lack of subject matter jurisdiction on October 29, 2010 (Doc. 649). Defendant filed a Notice of Appeal on November 12, 2010 (Doc. 652).

And so the trend continues. Defendant now brings a motion to correct errors of oversight and omission (Doc. 666), which is at issue here. Although defendant claims this motion is amend clerical errors pursuant to Federal Rule of Criminal Procedure 36 and "is not an attempt to have this Court change the sentence it imposed" (Doc. 666 p. 5), defendant simultaneously argues there was an error in the base level offense found in paragraph 39 of the Presentence Investigation Report (Doc. 666 pp. 1-2). An error in the computation of a base level offense is not a clerical error; it is, at heart, an argument to correct or alter a sentence.

"Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original). "Call it a motion for a new trial, arrest of judgment . . . audita querela . . . the name makes no difference. It is the substance that controls." *Id*. Therefore, regardless of what defendant titles his motion, it must be construed upon the merits of his claims, which here conveys a request for habeas relief under § 2255.

Under 28 U.S.C. § 2255, a second or successive motion must be certified by the appropriate court of appeals. 28 U.S.C. § 2255(h). "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). In order for the Court to consider a second or successive petition here, the Seventh Circuit Court of Appeals must first certify the petition. *Id.*

Defendant has already filed two § 2255 petitions (one titled as such, one titled the Writ for Audita Querela). As he failed to obtain prior permission from the Seventh Circuit Court of Appeals to file a successive petition, his motion must be DENIED for lack of subject matter jurisdiction.

Defendant has attempted to attack his conviction and sentence in every way imaginable after entering a plea of guilty twelve years ago. He has been stricken down by this Court and rebuked by the appellate court. Nonetheless, defendant continues to put new and different labels on filings with the same goal: getting out of prison early.

The judicial system is entitled to protection from misuse of legal processes. *Sassower v. American Bar Assn.*, 33 F.3d 733, 736 (7th Cir. 1994). Behavior like defendant's cannot be tolerated, and the judicial authority to curb it is ample. *See Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Any sanction imposed by a federal court for the abuse of its processes must be tailored to the abuse. *Id.* at 186. Accordingly, defendant Irons is hereby

PROHIBITED from filing any more motions attacking either his conviction or his sentence in this matter. If defendant chooses to disregard this order in the future, further sanctions—including monetary sanctions—will be imposed.

**IT IS SO ORDERED.**

Signed this 13th day of June, 2011.

Digitally signed by David R. Herndon
Date: 2011.06.13 11:32:04 -05'00'

**Chief Judge
United States District Court**