IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

FEDERICK LEE IRONS,

Defendant.                                                No. 99-cr-30022-DRH-5

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is defendant Frederick Lee Irons' motion for modification of offense guideline section (Doc. 804). The Seventh Circuit recently affirmed this Court's denial of Irons' motion for a reduction in sentence under 18 U.S.C. § 3582(c), based on Amendment 750 to the Sentencing Guidelines for crack cocaine offenses. *United States v. Irons,* 712 F.3d 1185, 1190 (7th Cir. 2013).

Thus, similarly to his co-defendant Theodore Johnson, Irons brings his instant *pro se* motion under 18 U.S.C. § 3582(c)(2) for a reduction of sentence on the basis of Amendment 591 to the Sentencing Guidelines (Doc. 804). For the reasons stated in this Court's denial of Johnson's motion made on the basis of Amendment 591 (Doc. 803), Irons' motion is also denied for lack of jurisdiction.

To reiterate, the provisions of Section 3582 permit a court to reduce a defendant's term of imprisonment if there has been a subsequent amendment to the guideline range that applies retroactively. Amendment 591 is included in the list of amendments which are subject to review under Section 3582. U.S.S.G. §

1B1.10(c). Amendment 591 amended U.S.S.G. §§ 1B1.1 and 1B1.2. The Guidelines require a sentencing court to refer to the Statutory Index of the Sentencing Manual (Appendix A) to choose the offense guideline. Pursuant to Amendment 591, the sentencing court may no longer choose the offense guideline based on the offender's actual conduct, but must apply the offense guideline that corresponds to the statute of conviction.

Irons' presentence investigation report (PSR) states, "[t]he United States Sentencing Commission Guideline for violation of 21 U.S.C. §§ 841(a)(1) and 846 is found in U.S.S.G. § 2D1.1(a)(1)." As the Court stated in its denial of Johnson's motion under Amendment 591, once the Court selected Guideline § 2D1.1 as the guideline applicable to Irons' conviction, Amendment 591 does not restrict this Court's use of relevant conduct to determine his offense level under that section. *See United States v. Rivera,* 293 F.3d 584, 586 (2d Cir. 2002). Amendment 591 does not allow for this Court to review Irons' request for a reduction.

Finally, to the extent Irons renews arguments raised and rejected in his Section 2255 petition before this Court on the basis of *Apprendi v. New Jersey,* 530 U.S. 466 (2000)*, see Irons v. United States,* 02-cv-724-DRH-CJP, Irons improperly attempts to bring a successive collateral attack without the Seventh Circuit's authorization.

For all of the above reasons, this Court is without jurisdiction to entertain Irons' instant arguments and his motion for modification of offense guideline section is **DENIED** on this basis (Doc. 804).

**IT IS SO ORDERED.**

Signed this 30th day of October, 2013.

Digitally signed by David R. Herndon
Date: 2013.10.30 16:03:05 -05'00'

**Chief Judge
United States District Court**